# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CAUSE NO. 1:08-CR-66-LG-JMR-3 |
| § | |
| NICK C. TRAN § | |

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

**BEFORE THE COURT** is Nick Tran's Motion to Dismiss for Selective Prosecution or in the Alternative to Compel Related Discovery [253]. The Government has filed a response in opposition to the Motion, but Tran has not filed a reply. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the Motion should be denied.

### DISCUSSION

Tran operated a pharmacy next door to the Family Medical Center, where Dr. Thomas Trieu and Dr. Thu-Hoa Victoria Van practiced medicine. Drs. Trieu and Van have pled guilty to certain charges related to the prescription of controlled substances outside the scope of professional practice. Tran is currently awaiting trial on the following charges: conspiracy to distribute and dispense controlled substances to patients outside the scope of professional practice, distributing and dispensing such controlled substances outside the scope of professional practice, aiding and abetting the distribution and dispensing of controlled substances outside the scope of professional practice, and maintaining a place for the purpose of distributing controlled substances outside the scope of professional practice.

Dr. Trieu, Dr. Van, and Tran are of Vietnamese ancestry. Tran has filed the present Motion to Dismiss, arguing that he has been a victim of selective prosecution as a result of his

national origin.

A prosecutor's discretion regarding whether to prosecute and what charge to file or bring before the grand jury is subject to constitutional constraints, including that imposed by the equal protection component of the Due Process Clause of the Fifth Amendment. *United States v. Armstrong*, 517 U.S. 456, 464 (1996). Specifically, the decision whether to prosecute may not be based on "an unjustifiable standard such as race, religion, or other arbitrary classification." *Armstrong*, 517 U.S. at 464 (quoting *Oyler v. Boles*, 368 U.S. 448, 456 (1962)). "In order to dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must present 'clear evidence to the contrary.'" *Id.* at 465 (quoting *United States v. Chemical Foundation, Inc.*, 517 U.S.1, 14-15 (1926)). The defendant must demonstrate that the federal prosecutorial policy "had a discriminatory effect and that it was motivated by a discriminatory purpose." *Id.* (quoting *Chemical Foundation*, 517 U.S. at 14-15). The defendant must first demonstrate that similarly situated persons of a different race could have been prosecuted but were not. *Id.* at 469. If the defendant does not make this requisite showing, he is not even entitled to conduct discovery on the issue of selective prosecution. *Id.* The defendant must also demonstrate that "the discriminatory selection of him for prosecution is invidious or in bad faith, in that it rests on such impermissible considerations as race, religion, or the desire to prevent his exercise of his constitutional rights." *United States v. Webster*, 162 F.3d 308, 334 (5th Cir. 1998).

Tran first argues that the Government notified the local news media before it served search and arrest warrants at Tran's pharmacy and the Family Medical Center. He claims that this alleged "leak" supports his allegation of selective prosecution. However, he has not

submitted any evidence to the Court that indicates that the Government "leaked the raid" to the media, and it is unclear how any alleged leak would demonstrate that Tran's arrest and prosecution were motivated by improper considerations such as race or nation of origin.

He also argues that a licensed pharmacist that he employed at the pharmacy, Wert White, filled more than 19,000 of Dr. Van and Dr. Trieu's prescriptions. Tran argues that White was not investigated by the Government because he is Caucasian, but he has not produced any evidence that supports this claim. Tran also has not provided any information to the Court regarding the amount of time that White worked at the pharmacy or the types of prescriptions filled by White. The only evidence that presumably pertains to White is a sheet of paper labeled "Exhibit B" that states: "Tran Pharmacy . . . Monthly Audit Log . . . Date 10/20/09 . . . Pharmacist Totals . . . WW-19,164 . . . Total Patients Served 4,231."[1] No further explanation of this log has been provided to the Court in an affidavit or otherwise. This log does not demonstrate that White could have been prosecuted.

Tran also asserts that six other non-Vietnamese pharmacies located within four miles of the Family Medical Center filled more than 14,000 prescriptions written by Dr. Van and Dr. Trieu but were not prosecuted. He has not provided information or evidence regarding the race or nation of origin of any of these pharmacists. Some of the evidence provided by Tran only provides the total number of prescriptions written by each doctor that were filled at the pharmacy, but he has provided a list of the drugs prescribed and the dates on which they were prescribed for a few of these pharmacies, including Walmart and Walgreens. However, the

---

[1] Tran has not filed any of his exhibits in the Court record. If he wishes to make these exhibits part of the record, he must file them with the Court's electronic filing system. Tran is reminded that any patient information should be redacted before the exhibits are filed.

Court cannot determine from the information provided whether any particular pharmacist at these pharmacies should have known that some of the prescriptions were illegitimate. Thus, it is unclear whether any of these pharmacists could have been prosecuted. Tran also has not provided any evidence of discriminatory intent on the part of the Government. As a result, Tran has not rebutted the presumption of regularity supporting the Government's decision to prosecute him. Therefore, the Court finds that Tran is not entitled to dismissal or discovery regarding the issue of selective prosecution.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Nick Tran's Motion to Dismiss for Selective Prosecution or in the Alternative to Compel Related Discovery [253] is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 8th day of December, 2009.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge