IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | CAUSE NO. 1:08CR66-LG-JMR-3 |
| | § | |
| NICK C. TRAN | § | |

## ORDER DENYING TRAN'S MOTION TO QUASH
## SECOND SUPERSEDING INDICTMENT

**BEFORE THE COURT** is the Motion to Quash Second Superseding Indictment [334] filed by the defendant, Nick Tran. He again requests dismissal of the indictment on double jeopardy grounds. The Government has filed a response in opposition to the Motion, and Tran has filed a reply. Upon reviewing the submissions of the parties and the applicable law, the Court finds that Tran's Motion should be denied.

### DISCUSSION

A more detailed discussion of the procedural history of this case is contained in this Court's Memorandum Opinion and Order Denying Tran's Motion to Dismiss [323] and is incorporated herein by reference. In that Motion to Dismiss, Tran had argued that a second trial on the charges for which the jury did not reach a verdict against him would violate the double jeopardy clause of the Fifth Amendment to the United States Constitution, pursuant to *Yeager v. United States*, 129 S. Ct. 2360 (2009). Tran had argued that the counts on which he was found not guilty shared an element with the hung counts-- distribution outside the scope of professional practice. He argued that the shared element required dismissal of the remaining charges against him. After a thorough discussion of the Supreme Court's opinion in *Yeager*, this Court held that a shared element is not a sufficient basis for dismissal under *Yeager*; rather the Double Jeopardy

Clause precludes the Government from relitigating any issue that was *necessarily decided* by a jury's acquittal in a prior trial. Furthermore, the Court held that the not guilty verdicts did not necessarily decide that Tran did not distribute drugs to others outside the scope of professional practice.

After this Court's Opinion was entered, a second superseding indictment was filed against Tran that included additional charges. Tran has now filed a second motion seeking dismissal on double jeopardy grounds. In the present Motion, he argues that the hung counts, the new counts, and the not guilty counts share the element of specific intent. Thus, he argues, "By rendering judgments of acquittal on those charges, the jury ruled that no such intent existed." (Def.'s Mem. at 2).

Once again this Court finds that a second trial would not violate the double jeopardy clause. By finding Tran not guilty of forty-three counts of distribution outside the scope of professional practice, the jury did not necessarily find that Tran lacked "intent" to illegally distribute drugs to others. As a result, the Court finds that Tran's Motion to Quash is denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Quash Second Superseding Indictment [335] filed by the defendant, Nick Tran, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 11th day of May, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE