**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CAUSE NO. 1:08CR66-LG-JMR-3 |
| | § | |
| NICK C. TRAN | § | |

**ORDER GRANTING THE GOVERNMENT'S MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF PRIOR ACQUITTALS**

**BEFORE THE COURT** is the Government's Motion in Limine to Exclude Evidence of Prior Acquittals [352]. Upon reviewing the Motion and the applicable law, the Court finds that the Motion should be granted. The defendant, Nick Tran, will not be permitted to introduce evidence of his prior acquittals at trial.

### DISCUSSION

A fifty-four count indictment was entered against Tran, a Biloxi pharmacist, on September 10, 2008. Count One charged him with conspiracy to distribute or dispense controlled substances to patients outside the scope of professional practice. Following a two-week trial, the jury unanimously found that Tran was not guilty of the forty-three charges concerning the distribution of controlled substances to persons aged twenty-one or older outside the scope of professional practice. However, the jury was unable to reach a unanimous verdict as to the remaining eleven charges.

A second superseding indictment was entered on April 20, 2010, charging Tran with twenty-four counts. This case is now scheduled for a second trial on June 1, 2010. The Government has filed the present Motion in Limine, seeking to prevent Tran from introducing evidence of the forty-three acquittals from the first trial.

The Fifth Circuit has held:

> Although a judgment of acquittal is relevant with respect to the issues of double jeopardy and collateral estoppel, once it is determined that these pleas in bar have been rejected, a judgment of acquittal is not usually admissible to rebut inferences that may be drawn from the evidence admitted . . . . [E]vidence of a prior acquittal is not relevant because it does not prove innocence but rather merely indicates that the prior prosecution failed to meet its burden of proving beyond a reasonable doubt at least one element of the crime.

*United States v. De La Rosa*, 171 F.3d 215, 219 (5th Cir. 1999) (quoting *United States v. Kerley*, 643 F.2d 299, 300-01 (5th Cir. 1981)). In addition, a judgment of acquittal is hearsay not otherwise exempt from the operation of the hearsay rule. *De La Rosa*, 171 F.3d at 219. Finally, "evidence of a prior acquittal will often be excludable under Fed. R. Evid. 403 . . . ." *Id.* at 219-20. Thus, evidence of prior acquittals is generally inadmissible. *Id.*

As a result, the Court finds that the Government's Motion should be granted. The defendant will be prohibited from introducing evidence of the prior acquittals at trial.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Government's Motion in Limine to Exclude Evidence of Prior Acquittals [352] is **GRANTED**.

**SO ORDERED AND ADJUDGED** this the 25th day of May, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE