IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CAUSE NO. 1:08CR66-LG-JMR-3 |
| | § | |
| NICK C. TRAN | § | |

## ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL OR IN THE ALTERNATIVE FOR A NEW TRIAL

**BEFORE THE COURT** is the Motion for Judgment of Acquittal or in the Alternative for a New Trial [373], which was filed by the defendant, Nick Tran. The Government filed a response in opposition to the Motion. Tran did not file a reply. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the Motion should be denied.

### DISCUSSION

A fifty-four count indictment was entered against Tran, a Biloxi pharmacist, on September 10, 2008, concerning prescriptions he filled from the adjacent Family Medical Center. Count One charged him with conspiracy to distribute or dispense controlled substances to patients outside the scope of professional practice. Counts 2-4, 11-14, and 29-30 accused him of distributing or dispensing controlled substances to persons under twenty-one years of age. Counts 5, 7 through 10, 15 through 25, 27 through 28, 31 through 44, 46 through 49, and 52 through 58 charged him with distributing or dispensing controlled substances to persons aged twenty-one or older outside the scope of professional practice.

Count 59[1] charged him with knowingly opening or maintaining a premises for the purpose of manufacturing, distributing, or using any controlled substance outside the scope of professional practice. Following a two-week trial, the jury unanimously found that Tran was not guilty of the forty-three charges concerning the distribution of controlled substances to persons aged twenty-one or older outside the scope of professional practice. However, the jury was unable to reach a unanimous verdict as to the conspiracy charge, the premises charge, and the nine charges concerning the distribution of controlled substances outside the scope of professional practice to persons under the age of twenty-one.

On April 20, 2010, a second superseding indictment was filed against Tran that added additional charges. After a seven- day trial, the jury convicted Tran of one count of conspiracy to distribute or dispense a controlled substance outside the scope of professional practice, eleven counts of dispensing or distributing a controlled substance outside the scope of professional practice to a person under age twenty-one, eleven counts of dispensing or distributing a controlled substance outside the scope of professional practice, and one count of maintaining a place for the purpose of dispensing or distributing drugs outside the scope of professional practice.

In support of his Motion for Judgment of Acquittal or for a New Trial, Tran does not argue that the evidence against him was insufficient to support a jury conviction. He reasserts his argument that the second trial violated the double jeopardy clause of the

---

[1] While Tran was charged with fifty-four counts, the indictment contained a total of fifty-nine counts. The other three defendants named in the indictment pled guilty prior to Tran's trial.

Fifth Amendment to the United States Constitution. He also argues that the Court erred in refusing to permit Tran to recall Government witness Terry Davis during his case in chief in order to address matters not covered during the Government's direct examination of Davis. Finally, he argues that the Court erred in refusing to permit him to present his theory of the case-- that he was targeted for prosecution because of his race.

## A. Motion for Judgment of Acquittal

A Motion for Judgment of Acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure should be granted where the evidence at trial is insufficient to support a conviction. "In evaluating whether the evidence at trial is sufficient to support a jury conviction, this Court examines whether a rational jury, viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the offense to be satisfied beyond a reasonable doubt." *United States v. Armstrong*, 550 F.3d 382, 388 (5th Cir. 2008). When reviewing the evidence, all reasonable inferences are drawn in favor of the jury's verdict. *Armstrong*, 550 F.3d at 388. Since Tran does not even argue that the evidence against him was insufficient to support a jury conviction and since this Court finds that there was more than sufficient evidence to support the jury's verdict, Tran's Motion for Judgment of Acquittal is denied.

## B. Motion for New Trial

Rule 33 of the Federal Rules of Criminal Procedure provides that a Court may vacate a judgment and grant a new trial "if the interest of justice so requires." Motions

for a new trial are not favored, and are only granted in exceptional cases. *United States v. O'Keefe*, 128 F.3d 885, 898 (5th Cir. 1997); *United States v. Valentine*, 401 F.3d 609, 614 (5th Cir. 2005).

### 1. Double Jeopardy

As this Court held in its Orders [323, 345] denying Tran's two previous Motions to Dismiss on double jeopardy grounds, Tran's second trial did not violate the double jeopardy clause of the Fifth Amendment. By finding Tran not guilty of forty-three counts of distribution outside the scope of professional practice, the first jury did not necessarily find that Tran lacked "intent" to illegally distribute drugs to others. Each of the substantive charges against Tran alleged that he illegally distributed drugs to a particular person on a particular date. The jury could have determined that Tran lacked intent to illegally distribute drugs to certain patients or lacked the necessary knowledge that the prescriptions presented by those particular patients were illegal, but such a finding does not necessarily demonstrate that he did not intend to illegally distribute drugs to others on separate dates. Moreover, the first jury's partial verdict did not necessitate a finding that Tran did not participate in a conspiracy or did not maintain a place for the illegal distribution of controlled substances.

### 2. Witness Examination

Counsel for Tran are factually incorrectly when they assert that this Court prevented the Defendant from recalling Government witness Terry Davis during his case in chief. Although Terry Davis testified at Tran's first trial, neither the prosecution nor the defendant ever attempted to call him as a witness at the second

trial. Furthermore, no party even listed Davis as a potential witness on their witness lists at the second trial.

The only witness that this Court prevented Tran from recalling was DEA Diversion Investigator Sean Baudier. Tran's attorney was permitted to conduct a complete cross-examination of Baudier, without restrictions, during the Government's case in chief. In addition, after Tran's attorney attempted to recall Baudier during his case in chief, the Court permitted Tran's attorney to question Baudier outside the presence of the jury. Tran's attorney was attempting to elicit testimony from Baudier concerning when the investigation against Tran began, and Baudier testified that he had no personal knowledge regarding those matters and had merely heard about them at the first trial. Therefore, the Court refused to allow Tran's attorney to elicit hearsay testimony from Baudier. Tran claims that this Court prevented him from eliciting "inculpatory evidence" from Baudier. Although the use of the label "inculpatory evidence" is less than clear, the proffered testimony from Baudier concerning what someone else said during the investigation was nothing more than inadmissible hearsay that was neither relevant, impeachment evidence or exculpatory. Therefore, Tran is not entitled to a new trial on this basis.

**3. Racial Discrimination**

Tran argues that he should have been permitted to introduce evidence that he was targeted for prosecution due to his race. Specifically, he has noted that he was prosecuted while a Caucasian pharmacist who worked for him part-time was not prosecuted. He also alleges that other pharmacists filled illegal prescriptions from the

Family Medical Center, but these pharmacists were not prosecuted.

Tran previously filed two motions to dismiss alleging selective prosecution, which were denied because he failed to demonstrate that other pharmacists could have been prosecuted but were not, because he failed to present evidence as to the race of all but one of the other pharmacists, and because he failed to present any evidence of discriminatory intent on the part of the Government. Nevertheless, Tran wished to present evidence and argument to the jury that he was targeted for prosecution because of his race. This Court granted the Government's Motion in Limine seeking to prevent admission of such evidence and argument, because the issue of whether Tran was targeted for his race does not tend to show that he was either innocent or guilty pursuant to Rule 402 of the Federal Rules of Evidence.

Tran argues that if he was targeted due to his race, then it is obviously less probable that he is guilty of the crimes alleged, and thus the argument and evidence is relevant. This Court disagrees. First, as noted previously, Tran does not even assert that the evidence against him was insufficient to support a conviction, and, in fact, there was substantial evidence to support the conviction. In addition, Tran's race or any alleged Government bias does not make it less probable that Tran is guilty of the crimes for which he was convicted. Finally, even if the racial discrimination argument had some slight relevance in this matter, it was substantially outweighed by the danger of unfair prejudice and the danger of misleading the jury pursuant to Rule 403 of the Federal Rules of Evidence. As a result, the Court finds that Tran's Motion for a New Trial should be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Judgment of Acquittal or in the Alternative for a New Trial [373], which was filed by the defendant, Nick Tran, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 9th day of July, 2010.

                                                s/ *Louis Guirola, Jr.*
                                                LOUIS GUIROLA, JR.
                                                UNITED STATES DISTRICT JUDGE